IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ ) | 3:09-md-02100-DRH-PMF |
| (DROSPIRENONE) MARKETING, SALES ) | |
| PRACTICES AND PRODUCTS LIABILITY ) | MDL No. 2100 |
| LITIGATION ) | |

**This Document Relates to:**

SARAH SCHAEPPI,

    Plaintiff,

v.                                                                  3:10-cv-11512-DRH-PMF

BAYER SCHERING PHARMA AG and
BAYER HEALTHCARE
PHARMACEUTICALS, INC.,

    Defendants

And Related Cases (See Exhibit 1 to motion to establish QSF)

## ORDER

### to Administer Settlements Resolving Cases and Claims of Wexler Wallace LLP Plaintiffs and Establish Qualified Settlement Fund

**HERNDON, Chief Judge:**

For good cause shown, the Court hereby Orders as follows:

    1.    In order to assist in the administration of the settlement of claims brought by the clients of the law firm of Wexler Wallace LLP (including ALL Yaz clients of Wexler Wallace LLP who are similarly situated,

listed in Exhibit 1, including settlements that may be entered into hereafter), the Wexler Wallace LLP Yaz Client Settlement Fund (the "Fund") shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 and pursuant to this Court's subject matter jurisdiction under Treas. Reg. Section 1.468B-1(c)(1). The Fund shall be governed by Section 468B of the Internal Revenue Code, together with the Treasury Regulations promulgated thereunder, and all such administrative announcements, notices, and information releases as shall be published by the Internal Revenue Service from time to time. All Yaz settlements reached by and between Plaintiffs who are represented by Wexler Wallace LLP and Defendants shall be paid into the Wexler Wallace LLP Yaz Client Settlement Fund as provided in the Motion To Administer Settlements Resolving Cases And Claims Of Wexler Wallace LLP Plaintiffs And Establish Qualified Settlement Fund.

2. The Fund shall remain subject to the continuing jurisdiction of this Court during the entirety of its existence.

3. Signature Bank is appointed as Fund Administrator pursuant to the terms, conditions and restrictions of the Motion To Administer Settlements Resolving Cases And Claims Of Wexler Wallace LLP Plaintiffs And Establish Qualified Settlement Fund and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in said Motion.

4.      All monies received by the Fund shall be placed into an account at Signature Bank and shall only be distributed as provided for in the Motion Establishing the Qualified Settlement Fund and Appointing Fund Administrator.

5.      The Fund is authorized to enter into Fund Agreements with Plaintiff clients of Wexler Wallace LLP, as well as with Claimants who are represented by Wexler Wallace LLP in future YAZ settlements, who are claiming damages or injury, including any entity asserting a statutory claim of subrogation, as a result of the Incident, including the use of settlements with periodic payments in a manner prescribed and approved by this Court.

6.      The Fund is authorized to effect qualified or non-qualified assignments of any resulting structured settlement liability.

7.      The Fund Administrator is authorized to distribute all attorney fees and litigation expenses to counsel for Plaintiffs, consistent with their existing contingency fee contracts including the use of structured attorney fees.

8. The Fund Administrator is authorized, upon completion of all Fund Agreements and final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Settlement Fund Administrator is discharged from any further responsibility with respect to the Fund.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2013.01.16
13:14:44 -06'00'

**Chief Judge**  
**United States District Court**

Date: January 16, 2013